| | |
|---|---|
| BRUCE DE LA CRUZ<br>FULL NAME<br>SAME<br>COMMITTED NAME (if different)<br>P.O. BOX 2349    19025 WILEY'S WELL ROAD<br>FULL ADDRESS INCLUDING NAME OF INSTITUTION<br>CHUCKAWALLA STATE PRISON   BLYTHE, CA. 92226<br>AL6111<br>PRISON NUMBER (if applicable) | FILED<br>CLERK U.S DISTRICT COURT<br><br>JUL 17 2015<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>DEPUTY |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE DE LA CRUZ<br><br>PLAINTIFF,<br>v.<br>J. MICHAEL LEE, CHIEF MEDICAL OFFICER,<br>DR. S. MURAKONDA, NP L. YOUNG<br>DEFENDANT(S). | CASE NUMBER<br>CV15-01428 JGB (JEM)<br>*To be supplied by the Clerk*<br><br>**CIVIL RIGHTS COMPLAINT**<br>**PURSUANT TO** *(Check one)*<br>☒ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

### A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   N/A



a. Parties to this previous lawsuit:
   Plaintiff __N/A__

   Defendants _____

b. Court __N/A__

c. Docket or case number __N/A__

d. Name of judge to whom case was assigned __N/A__

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) __N/A__

f. Issues raised: __N/A__

g. Approximate date of filing lawsuit: __N/A__

h. Approximate date of disposition __N/A__

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not __N/A__

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not __N/A__

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff __BRUCE DE LA CRUZ__
                                                          (print plaintiff's name)
who presently resides at __CVSP P.O. BOX 2349, BLYTHE, CALIFORNIA 922226__,
                          (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at __CHUCKAWALLA STATE PRISON__
                                (institution/city where violation occurred)

on (date or dates) __2012 - PRESENT_____ , _____ , _____ .
                          (Claim I)                    (Claim II)              (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant __J. MICHAEL LEE, CHIEF MEDICAL OFFICER_____ resides or works at
   (full name of first defendant)
   __19025 WILEY'S WELL ROAD, BLYTHE, CALIFORNIA 92226_____
   (full address of first defendant)
   __CHIEF MEDICAL OFFICER_____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   DEFENDANT IS WORKING FOR THE STATE PRISON

2. Defendant __S. MURAKONDA, DOCTOR_____ resides or works at
   (full name of first defendant)
   __19025 WILEY'S WELL ROAD, BLYTHE, CALIFORNIA 92226_____
   (full address of first defendant)
   __MEDICAL DOCTOR_____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   DEFENDANT IS WORKING AT THE STATE PRISON

3. Defendant __L. YOUNG_____ resides or works at
   (full name of first defendant)
   __190125 WILEY'S WELL ROAD, BLYTHE, CALIFORNIA 922226_____
   (full address of first defendant)
   __NURSE PRACTITIONER_____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   DEFENDANT IS WORKING AT THE STATE PRISON

4. Defendant _____N/A_____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

5. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

D. CLAIMS*

CLAIM I

The following civil right has been violated:

EIGHTH AND FOURTEENTH AMENDMENTS DENIAL OF ADEQUATE MEDICAL CARE FOR SERIOUS MEDICAL NEEDS. (SEE ATTACHED COMPLAINT) SEE PAGES 3-10 OF ATTACHED COMPLAINT

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

SEE ATTACHED COMPLAINT - TOO LENGTHY TO RECITE HEREIN.
SEE PAGES 3-THROUGH 8 OF ATTACHED COMPLAINT

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CIVIL RIGHTS COMPLAINT

CV-66 (7/97)

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:
SE ATTACHED COMPLAINT AND REQUEST FOR RELIEF

SEE PAGE 10 OF ATTACHED COMPLAINT

JULY 6, 2015
(Date)

*(Signature of Plaintiff)*
BRUCE DE LA CRUZ

BRUCE DE LA CRUZ
AL6111    B4-1-3L
CHUCKAWALLA STATE PRISON
P.O. BOX 2349
BLYTHE, CALIFORNIA 92226

In Pro-Se

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE DE LA CRUZ,<br>　　　Plaintiff,<br><br>　　vs.<br><br>J. MICHAEL LEE, Chief Medical Officer & M.D.,<br>Doctor S. Murakonda,<br>Nurse Practitioner L. YOUNG,<br>　　　Defendants. | CASE NO.<br><br>CIVIL RIGHTS COMPLAINT<br>42 U.S.C. §1983<br><br>**DEMAND FOR TRIAL** |

I. **NATURE OF ACTION**

1.  This is a civil rights action authorized by 42 U.S.C. §1983 filed by Plaintiff BRUCE DE LA CRUZ, a state prisoner, to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. §§1331 & 1343 (a)(3). Plaintiff alleges a violation of his constitutional rights to receive proper medical care. Plaintiff seeks money damages, injunctive and declaratory relief pursuant to 28 U.S.C. §§ 2210 and 2202.

-1-

2. The Central District of California is an appropriate venue under §1391 (b)(2), because the events giving rise to plaintiff's claims occurred in Riverside County in the State of California.

## II.

### Plaintiff

3. Plaintiff, BRUCE DE LA CRUZ, is and was at all times mentioned herein a prisoner of the State of California in the custody of the California Department of Corrections & Rehabilitation (CCDR). Plaintiff is currently confined in Chuckawalla State Prison (CVSP) in Blythe, California.

## III.

### Defendants

4. Defendant J. MICHAEL LEE, Chief Medical Officer, is and at all times relevant to this action the Chief Medical Officer and Health Care Manager at CVSP where the events giving rise to this action occurred. Defendant J. MICHAEL LEE, is responsible for training and supervising the provision of adequate medical care for prisoners at CVSP. Defendant J. MICHAEL LEE, has a duty to ensure inmates at CVSP receive proper medical care. Defendant J. MICHAEL LEE knew or should have known that defendants Dr. MURAKONDA and Nurse Practitioner L. YOUNG were unfit or incompetent which created a risk to plaintiff. At all times mentioned defendant J. MICHAEL LEE was acting under the color of state law in the course and scope of his employment and is sued in his official and individual capacities.

-2-

5. Defendant Dr. S. MURAKONDA, is a Doctor employed by CVSP. Defendant S. MURAKONDA, has the duty to provide adequate medical care for prisoners at CVSP. At all times mentioned defendant S. MURAKONDA was acting under the color of state law in the course and scope of her employment and is sued in her official and individual capacities.

6. Defendant Nurse Practitioner L. YOUNG is a Nurse Practitioner and is responsible for the care of all inmates and has a duty to adequately provide medical care for prisoners at CVSP where the events giving rise to this action occurred. At all times mentioned defendant L. YOUNG was acting under the color of state law in the course and scope of her employment and is sued in her official and individual capacities.

IV.

FACTS

7. Plaintiff, BRUCE DE LA CRUZ is a prisoner at the Chuckawalla State Prison. Plaintiff arrived at CVSP in July 2012. Plaintiff suffers from hyperglycemia and pancreatitus ( A rapid decline in sugar levels.) This is caused in part, by the fact that Plaintiff had gastric bypass surgery prior to his incarceration. Defendants LEE, MURAKONDA, and YOUNG are fully aware of plaintiff's Gastric bypass procedure (GBP). Because of many factors involved in the GBP, nutrition is vital to the health of plaintiff. It includes but is not limited to the following: Iron is frequently deficient; zinc deficiency occurs; deficiency of thiamine (Vitamin B); Protein malnutrition is a serious risk; Vitamin A defeciencies occur.

-3-

1  Total food intake is markedly reduced. Due to the reduced size
2  of the stomach, and reduced food intake, adequate nutrition
3  demands that the plaintiff has adequate protein intake, and the
4  use of vitamin and mineral supplements. These essential
5  proteins and vitamins are not provided in a regular prison
6  diet. Therefore, plaintiff requires a therapeutic diet.
7  Furthermore, due to the high carbohydrate diet given at regular
8  meals his condition worsens. Because of the GBP and resultant
9  diseases, plaintiff requires a therapeutic diet consisting of
10 high protein with snacks to control his sugar levels.
11 8. Plaintiff has numerously attempted to deal with these
12 issues for more than two years. Meanwhile, plaintiff's health
13 continually deteriorates and he suffers daily from hypoglycemic
14 episodes which include hallucinations, shaking, cold sweats and
15 headaches.
16 9. Immediately after arriving at Chuckawalla State Prison in
17 July 2012, these hypoglycemic episodes began and plaintiff
18 began seeking medical help. After tests were performed
19 plaintiff was officially diagnosed with hyperglycemia However,
20 no treatment was recommended or performed by Defendants J.
21 MICHAEL LEE and L. YOUNG. Plaintiff continued to have
22 hyperglycemic episodes causing pain and suffering on a daily
23 basis. Plaintiff continually submitted medical sick call slips
24 and complained of his episodes. Plaintiff continually
25 requested treatment and to be seen by a specialist. On one
26 occasion defendant YOUNG stated, "quit sniveling, your acting
27 like a baby."
28

-4-

10. Soon thereafter, plaintiff began having more serious episodes including hallucinations, shaking violently, cold sweats and headaches that would last for hours. Plaintiff continued to request for help and to see a specialist. Those complaints were always met with derogatory remarks from defendant YOUNG.

11. Meanwhile, on May 6, 2013, plaintiff had signs of having a transient ischemic attack/stroke (mild) including blood shot left eye, confusion and drooping of the left side of his face and shoulder. Plaintiff was escorted by an unknown inmate to the clinic and was eventually transported to Palo Verde hospital in Blythe, California. He was diagnosed with a "mild" stroke and sent back to the institution for further evaluation. Plaintiff was never treated nor was there any follow-up treatment given concerning that stroke. Plaintiff continues to suffer memory loss due to the transient ischemic attack/ stroke and at times struggles with his motor skills.

12. Near the end of the year 2013, plaintiff was scheduled to see a specialist for his hypoglycemic episodes. The specialist, Doctor Kumar, recommended to the institution that plaintiff be provided with a therapeutic diet to manage the hypoglycemic episodes. This diet consists of high protein, low carbohydrates, no sugars. This diet was never ordered by defendants LEE, YOUNG, and MURAKONDA.

13. On April 26, 2014, plaintiff had an extreme episode of stomach pain and eventually taken to Palo Verde hospital where plaintiff underwent a cholecystectomy (removal of gall bladder)

-5-

as a result of his hypoglycemic condition worsening. This further caused unnecessary pain and suffering from the surgery.

14. Plaintiff continued to suffer from hypoglycemic episodes including hallucinations, violent shaking, cold sweats and headaches on a daily basis for approximately another year.

15. On November 13, 2014, plaintiff was finally put up for transfer to "High Risk Medical Facility" that could accommodate his special dietary needs. Plaintiff was also transferred to another facility at CVSP for unrelated reasons.

16. Plaintiff continues to suffer from hypoglycemic episodes on a daily basis. Plaintiff complained to defendant MURAKONDA concerning his hypoglycemic episodes and the pain and suffering caused by those episodes. Defendant MURAKONDA always responded with derogatory responses to his concerns and complaints. Defendant MURAKONDA refused to order the therapeutic diet for his condition.

17. Meanwhile, plaintiff's transfer endorsement expired and he is never transferred to a facility which could meet his dietary needs. Plaintiff requested Defendant MURAKONDA to place him back up for transfer to a High Risk Facility and she refused. As a result, plaintiff suffers daily from hypoglycemic episodes causing hallucinations, cold sweats, violent shaking and headaches.

18. In the last year, plaintiff has visited defendant MURAKONDA numerous times and every time plaintiff attempted to explain his pain and suffering and each and every time defendant MURAKONDA refuses to order a high protein diet or

-6-

place plaintiff back up for transfer to a high risk medical facility to accommodate his serious medical needs. Ironically, a high protein, low carbohydrate, no sugar diet is not hard to accommodate Plaintiff also complained to defendant MURAKONDA of his memory loss and occasion motor skills loss and she responds with derogatory remarks.

19. As a result of the deliberate indifference of defendants and all defendants in refusing to properly treat plaintiff with adequate medical care, plaintiff suffered and continually suffers from hypoglycemic episodes and resulting pain including hallucinations, shaking, cold sweats, headaches, loss of sleep and emotional distress. Plaintiff had to endure an additional surgery to remove his gall bladder causing additional pain and suffering.

20. There was an inexcusable practice of deliberate indifference by defendants' LEE, MURAKONDA and YOUNG, by improperly refusing to treat plaintiff for his loss of memory, loss of motor skills due to the transient ischemic attack/ stroke he suffered.

21. There was an inexcusable practice of deliberate indifference by defendants' LEE, MURAKONDA and YOUNG, by improperly refusing to treat plaintiff with a proper diet and/or ensure that plaintiff is transferred to a prison where his therapeutic diet is available.

22. As the Chief Medical Officer at CVSP Doctor J. MICHAEL LEE failed to ensure that plaintiff receive adequate medical treatment and failed to adequately supervise and train staff

1  and put in place in procedures so that plaintiff would receive
2  medically appropriate care.
3  23. Plaintiff exhausted his administrative remedies by
4  obtaining a decision at the third level decision and was
5  diligent in filing this complaint thereafter.

<center>CLAIM FOR RELIEF

(§1983)

Violation Of Prisoner's Eighth And Fourteenth
Amendments For Deliberate Indifference To
His Serious Medical Needs</center>

24. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 23, inclusive, as if alleged herein.

25. Defendant Chief Medical Officer J. MICHAEL LEE, violated plaintiff's Eighth and Fourteenth Amendment rights to the U.S. constitution by failing to ensure that plaintiff receive adequate treatment and failed to adequately supervise and train and put in place procedures so that plaintiff would receive medically appropriate care as described in paragraphs 1-23. Defendants Dr. S. MURAKONDA, Nurse Practitioner L. YOUNG, acted under the color of state law and knew or should have known that their conduct created an unreasonable risk of harm to plaintiff. As a direct and foreseeable result of their violations of constitutional rights, Plaintiff suffered physical deterioration, headaches, loss of sleep and emotional distress. All defendants acts were willful, intentional, wanton and in conscious disregard of plaintiff's rights. The

-8-

constitutional deprivations described herein are the proximate result of the official policies, customs and pervasive practices of defendants. Defendants have been and are aware of all the deprivations complained herein and have condoned or been deliberately indifferent to such conduct.

26. Defendants LEE, MURAKONDA, and YOUNG, violated plaintiff's Eighth and Fourteenth Amendment rights to the U.S. Constitution to be protected from cruel and unusual punishment as described in paragraphs 1 through 23. Defendant's were deliberately indifferent to plaintiff's medical needs and acted under color of state law and knew or should have known that their conduct or omission created an unreasonable risk of harm to plaintiff. As a direct and foreseeable result of defendant's LEE, MURAKONDA and YOUNG plaintiff suffered an unnecessary surgery to his gall bladder that caused pain and suffering, headaches, loss of sleep and emotional distress. Furthermore, plaintiff has suffered and continues to suffer from daily hypoglycemic episodes including hallucinations, shaking, sweats and headaches on a daily basis. Plaintiff continues to suffer from memory loss and motor skills deterioration due to the transient ischemic attack/stroke left untreated by defendants. DE LA CRUZ IS ENTITLED TO AN AWARD OF COMPENSATION AND PUNITIVE DAMAGES FOR INJURIES SUFFERED.

//

/


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

## PRAYER FOR RELIEF

Wherefore, Plaintiff BRUCE DE LA CRUZ, prays for the following relief:

1. Injunctive and Declaratory relief in that this court order defendants to provide him with a therapeutic diet and transfer to high risk medical facility;

2. Compensatory Damages according to proof;

3. Punitive and Exemplary Damages according to proof;

4. Cost of Suit; and

5. Such further relief as the court deems proper.

## DEMAND FOR TRIAL

Plaintiff, BRUCE DE LA CRUZ hereby demands a trial by jury.

Dated: July 6, 2015

Bruce De La Cruz

I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED this 6th day of July 2015, at Blythe, California.

Bruce De La Cruz

-10-



Bruce De La Luz
A# 6111 BH-1-3
Chuckawalla State Prison
P.O. Box 2349
Blythe CA 92226

United States District Court
Central District of California
Office of the Clerk
U.S. Courthouse
Los Angeles CA 90012

Legal / Confidential

RECEIVED
CLERK U.S. DISTRICT COURT
JUL 16 2015
CENTRAL DISTRICT OF CALIFORNIA

